**FOR PUBLICATION**

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| In re: <br><br> JEFFREY J. PROSSER. <br><br> Debtor. | Civil No. 2009-09 <br><br> Chapter 7 Case No. 06-30009 |
| IN RE: <br><br> INNOVATIVE COMMUNICATION CORPORATION, <br><br> Debtor. | Civil No. 2009-09 <br><br> Chapter 11 Case No. 07-30012 |
| STAN SPRINGEL and JAMES P. CARROLL, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY J. PROSSER, DAWN PROSSER, SYBIL G. PROSSER, JUSTIN PROSSER, MICHELLE LABENNETT, and LYNDON A. PROSSER, <br><br> Defendants. | Civil No. 2009-09 <br><br> Adv. Proc. No. 07-03010 |

**APPEARANCES:**

**Daniel C. Stewart, Esq.**
**James Jay Lee, Esq.**
Dallas, TX
    *For Stan Springel,*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

*Springel v. Prosser, et al.*
Civil No. 2009-09
Order
Page 2

**Karin A. Bentz, Esq.**
**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
    *For Dawn Prosser.*

<u>**ORDER**</u>

**GÓMEZ, C.J.**

Before the Court is the motion of Dawn Prosser ("Prosser") for leave to appeal from the December 22, 2008, order of the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division"), which denied Prosser's emergency motion to stay the trial of *Springel v. Prosser, et al.,* Adversary Proceeding No. 07-3010 (the "Turnover Action").

**I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

Because the Court has previously outlined the facts of this matter in related proceedings, the Court recites only those facts pertinent to its analysis in this particular motion.

Prosser has been named as a defendant in the Turnover Action. The plaintiffs in that case seek to: (1) compel the Prossers to assemble and deliver to Springel all personal property in the possession, custody, or control of the Prossers that was acquired with Innovative funds; (2) direct the Prossers to provide an inventory and accounting of that property; (3) compel the Prossers to safeguard and protect the property pending its delivery to Springel; and (4) to disallow any claims of the

*Springel v. Prosser, et al.*
Civil No. 2009-09
Order
Page 3

Prossers against Innovative pending the assembly and delivery of the property.

On November 17, 2008, Prosser filed a document entitled "Motion to Withdraw Reference of Consolidated Adversaries," which renewed a previously addressed request to withdraw this Court's automatic reference to the Bankruptcy Division of the Turnover Action, and of related Adversary Proceeding Nos. 08-3003, 08-3006, and 08-3004.[1]  Also on November 17, 2008, Prosser moved this Court to stay the trial of the Turnover Action.  She also moved to stay the trial of Adversary Proceeding Nos. 08-3003, 08-3006, and 08-3004.  In an abundance of caution, the Court granted that motion pending disposition of the renewed motion to withdraw the reference.

On December 4, 2008, the Court entered an Order lifting the stay and denying the motion to withdraw the reference with respect to the Turnover Action and Adversary Proceeding No. 08-3004.  On December 5, 2008, the Court entered an Order granting the motion to withdraw the reference with respect to Adversary Proceeding Nos. 08-3003 and 08-3006.  Later that same day,

---

[1]  Prosser's renewed motion was filed in the Turnover Action, and in Adversary Proceeding Nos. 08-3003 and 08-3006. There is no indication that Prosser moved for such relief in Adversary Proceeding No. 08-3004.

*Springel v. Prosser, et al.*
Civil No. 2009-09
Order
Page 4

Prosser filed an emergency motion to stay the trial of the Turnover Action in the Bankruptcy Division.

On December 9 and 19, 2008, the Bankruptcy Division conducted hearings on Prosser's emergency motion to stay the trial of the Turnover Action. On December 22, 2008, the Bankruptcy Division entered an Order denying that motion.

On January 14, 2009, Prosser filed the instant motion for leave to appeal the Bankruptcy Division's December 22, 2008, order denying her emergency motion to stay the trial of the Turnover Action.

## II. ANALYSIS

Title 28 U.S.C. § 158(a) ("Section 158(a)") provides:

> The district courts of the United States shall have jurisdiction to hear appeals[--]
>
> > (1) from final judgments, orders, and decrees; [and]
>
> > . . .
>
> > (3) with leave of the court, from other interlocutory orders and decrees;
>
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a)(1), (3).

*Springel v. Prosser, et al.*
Civil No. 2009-09
Order
Page 5

    Ordinarily, to avoid piecemeal litigation, an appeal does not lie until a matter is final. *See Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.,* --- F.3d ---, 2009 WL 678791 at *3 (3d Cir. 2009) ("The final judgment rule exists to protect both the litigants and the court from potential inconsistencies and inefficiencies arising from piecemeal litigation.") (publication forthcoming).  That "general antipathy toward piecemeal appeals still prevails in individual adversary actions." *In re Truong,* 513 F.3d 91, 93-94 (3d Cir. 2008) (quoting *In re Natale,* 295 F.3d 375, 378-79 (3d Cir. 2002)).  Thus, the finality of a bankruptcy court order entered in a specific adversary proceeding is determined by applying the same standards as those used in general civil litigation. *See id.* at 94; *In re Natale,* 295 F.3d at 379.  Under these standards, "an order in an individual adversary proceeding is not final unless it 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *In re Truong,* 513 F.3d at 93 (quoting *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)).

    Applying these principles, the United States Court of Appeals for the Third Circuit has explained that an order denying a motion to stay civil litigation is not final and appealable because "[r]ather than producing a final order which ends the

*Springel v. Prosser, et al.*
Civil No. 2009-09
Order
Page 6

litigation on the merits, the denial of a stay ensures that the litigation will proceed." *United States v. Nicolet, Inc.*, 857 F.2d 202, 203 (3d Cir. 1988). Indeed, it is clear that the December 22, 2008, order did not end the litigation of the Turnover Action such that the Bankruptcy Division had nothing more to do. Rather, the Bankruptcy Division determined that a stay of the Turnover Action was inappropriate, acknowledging that "seven days of trial have been completed with two scheduled days remaining." (Order Denying Emergency Motion to Stay Trial, Adv. Proc. No. 07-3010 8, Dec. 22, 2008.) In essence, the December 22, 2008, order is a scheduling order directing that the trial of the Turnover Action proceed as scheduled. Accordingly, the December 22, 2008, order is not a final order that is appealable as of right under Section 158(a)(1). Therefore, the Court must determine whether leave to appeal is appropriate under Section 158(a)(3).

While Prosser may not maintain her appeal as of right, 28 U.S.C. § 158(a)(3) affords discretionary review under certain circumstances. This Court has previously imported the criteria from 28 U.S.C. § 1292(b) to determine whether to grant leave to appeal from an interlocutory order of the Bankruptcy Division. *See In re Barbel,* 2004 WL 2203445 at *2 (D.V.I. Sept. 21, 2004), *aff'd,* 183 Fed. Appx. 227 (3rd Cir. Jun 2, 2006) (unpublished);

*Springel v. Prosser, et al.*
Civil No. 2009-09
Order
Page 7

see also *Patrick v. Dell Financial Services*, 366 B.R. 378, 385 (M.D. Pa. 2007); *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 156 (D.N.J. 2005). Under this test, review of an interlocutory order should be granted where (1) the order involves a controlling question of law (2) over which there is substantial ground for difference of opinion, and (3) an immediate appeal would materially advance the ultimate termination of the litigation.[2] *See* 28 U.S.C. § 1292(b); *In re Barbel,* 2004 WL 2203445 at *2. "The party seeking leave to appeal has the burden to establish all three criteria." *Patrick*, 366 B.R. at 385; *see also, e.g., Union County, Iowa v. Piper Jaffray & Co., Inc.* 525 F.3d 643, 646 (8th Cir. 2008) ("In requesting that this court follow the extraordinary course of interlocutory review of this matter, the [County] bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." (quotation omitted)).

In support of the instant motion, Prosser argues that leave to appeal the Bankruptcy Division's December 22, 2008, order denying her motion to stay is appropriate because, "in the absence of a stay of the equitable turnover action, the doctrines

---

[2] Certification by the Bankruptcy Division is not necessary. *See In re Barbel,* 2004 WL 2203445 at *2; *Patrick*, 366 B.R. at 385.

*Springel v. Prosser, et al.*
Civil No. 2009-09
Order
Page 8

of res judicata and collateral estoppel will eviscerate [her] right to a trial by jury." (Mot. for Leave to Appeal 1-2, Jan. 14, 2009.)  However, Prosser has not argued or demonstrated that the December 22, 2008, order involves a controlling question of law about which there is substantial ground for difference in opinion, or that an immediate appeal from the order will materially advance the termination of the litigation.  Prosser has failed to satisfy her burden of establishing that leave to appeal is appropriate.[3]

    Accordingly, it is hereby

    **ORDERED** that Prosser's motion for leave to appeal is **DENIED;** it is further

    **ORDERED** that all pending motions are **DENIED;** and it is further

    **ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

                                      S\_____
                                          **Curtis V. Gómez**
                                            **Chief Judge**

---

    [3] In substance, the instant motion appears to be an attempt to appeal from this Court's December 4, 2008, Order denying Prosser's motion to withdraw the reference with respect to the Turnover Action and Adversary Proceeding No. 08-3004.  However, "orders granting or denying motions for withdrawal of reference are not final," appealable orders. *In re Pasquariello,* 16 F.3d 525, 528 (3d Cir. 1994) (quoting *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 920 F.2d 1127, 1131 (3d Cir. 1990)).  Thus, that attempt, like the appeal of the stay order, would fail too.